UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC T. TOLEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:10-CV-2031 RWS-NAB |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the court upon Petitioner Eric Tolen's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 3, 20.] Respondent Jeff Norman filed a response. [Doc. 13]. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). [Doc. 15.] For the reasons set forth below, the undersigned recommends that the Petition for a Writ of Habeas Corpus be denied.

**I.     Background**

After a jury trial, Tolen, a former attorney, was convicted of thirty-six counts of statutory sodomy and one count of witness tampering. The evidence at trial showed that Tolen met several teenage boys and hired them to work at his home. Initially, the boys completed yard work and cleaning for Tolen. Eventually, Tolen offered the boys bikes, cars, cell phones, and cigarettes in exchange for sexual acts. Tolen received a sentence of sixty-five years imprisonment.

Tolen filed a direct appeal to the Missouri Court of Appeals, which affirmed his conviction and sentence on December 22, 2009. *See Tolen v. Missouri*, 304 S.W.3d 229 (Mo. Ct. App. 2009). The Missouri Supreme Court denied Tolen's application for transfer on March

23, 2010. (Resp't. Ex. I.) Tolen then filed a petition for writ of certiorari before the United States Supreme Court, which was denied. *Tolen v. Missouri*, 131 S.Ct. 138 (2010). Next, Tolen filed a Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Missouri Supreme Court Rule 29.15. (Pet'r. Ex. 5.) The Missouri Court of Appeals denied Tolen's motion on March 26, 2013. *Tolen v. Missouri*, No. ED 98414, 2013 WL 1209100 (Mo Ct. App. Mar. 26, 2013). Tolen filed a habeas petition in this court asserting that his conviction should be vacated because (1) the search warrant of April 28, 2007 was facially invalid and violated his Fourth Amendment rights, (2) the search warrant of April 28, 2007 did not particularly describe the things to be or were seized,[1] (3) neither the April 27, 2007 search warrant or the August 5, 2007 search warrant authorized the seizure of any other items in Tolen's home or the trunk of his automobile, and (4) the trial court failed to enter a remedial order to shield Tolen from prejudice in violation of the Fourth, Sixth, Fourteenth amendments to the constitution and the standards in *Brady v. Maryland*, 373 U.S. 85, 87 (1963). Respondent asserts that Tolen's claim under *Brady* is procedurally barred and none of the claims are cognizable under *Stone v. Powell*, 428 U.S. 465, 494 (1976). [Doc. 15.] Tolen filed a Reply Memorandum and then, without leave of Court, filed additional memoranda titled respectively, Response to Respondent's Defense of Presumption of Correction, Response to Respondent's Defense of Stone v. Powell, and Response to Respondent's Defense of Failure to Exhaust Habeas Corpus Remedies. [Docs. 23, 24, 25, 26.]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was

---

[1] Tolen abandoned his claim contesting the facial validity of the August 16, 2007 search warrant. [Doc. 20.]

adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(d)(2).

In order for a claim to be considered to have been adjudicated on the merits by a state court, "the state court's decision must be a judgment—an adjudication—on a substantive issue—the merits (as compared with a procedural or technical point)." *Brown v. Luebbers*, 371 F.3d 458, 461 (8th Cir. 2004), *cert. denied*, 543 U.S. 1189 (2005). Beyond these two considerations, "no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits." *Id.* Therefore, federal courts "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." *Id.*

Under § 2254(d)(1), "the phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision" ). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent that the petitioner thinks the state courts acted contrary to or applied unreasonably. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000). (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)); *Owsley v. Bowersox*, 234 F.3d

1055, 1057 (8th Cir. 2000). "When the federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1)." *Evenstad*, 470 F.3d at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir. 2002)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412-13; *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). The writ will not issue merely because the federal court concludes that the relevant state court decision erroneously or incorrectly applied clearly established federal law. *Williams,* 529 U.S. at 411. "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Penry*, 532 U.S. at 792-93 (citing *Williams*, 529 U.S. at 410-11). The Eighth Circuit has held that "[t]o the extent that 'inferior' federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness of the state court's resolution of the disputed issue." *Atley v. Ault*, 191 F.3d 865, 871 (8th Cir. 1999).

Additionally, § 2254(d)(2) provides a habeas remedy where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). For purposes of a habeas proceeding, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(d)(2), (e)(1)); s*ee also Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004).

## III. DISCUSSION

### A. *Brady* Claim

In ground four of his Petition, Tolen asserts that he is entitled to habeas relief under *Brady*, because the State illegally seized, reviewed, and photographed his "work product" obtained from the trunk of his automobile during the search of August 5, 2007. Tolen contends that the State failed to return many exculpatory documents, which resulted in being deprived of his right to a fair trial and effective representation of counsel. In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Respondent contends that Tolen has not exhausted any claims regarding *Brady* violations, because Tolen did not assert *Brady* violations, exculpatory evidence, any discovery cases regarding withholding exculpatory evidence, or anything related to exculpatory evidence as a ground for appeal in state court.

First, the undersigned must determine whether Tolen presented his *Brady* claim to the state court. A state prisoner's petition for federal habeas corpus review under 28 U.SC. § 2254

may only be granted if the prisoner has exhausted his state law remedies. 28 U.S.C. § 2254(b)(1)(A). "Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court." *Weeks v. Bowersox,* 119 F.3d 1342, 1349-50 (8th Cir. 1997). "In Missouri, a claim must be presented at each step of the judicial process to avoid default." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." *Jolly v. Gammon*, 28 F.3d 51 (8th Cir. 1994).

In this case, the record indicates that on August 5, 2007, the police seized items from Tolen's car trunk, which according to Tolen included the following: (1) legal papers regarding the retention of legal counsel at trial; (2) communications and instructions to legal counsel; (3) strategy, themes, legal research and proposed trial questions for witnesses; and (4) file folders regarding the victims and their family members. *See* Resp't Ex. C at 294-301; *Tolen*, 304 S.W.3d at 234-235. Tolen requested a return of this property, which he characterized as "work product." The trial court took the request under advisement on October 29, 2007 to conduct an in camera review of the items. (Resp't Ex. A at 165.) The items were eventually returned to Tolen in September 2008 during his trial.

On direct appeal, Tolen stated that the seizure and retention of the trunk's contents deprived him of his rights under the Fourth Amendment and his rights to due process and effective assistance of counsel under the Fifth and Sixth Amendments. (Resp't Ex. B at 50, 56.) Tolen's arguments in state court focused on the fact that the documents were his work product and the return of those documents occurred too late to be used by him.

The undersigned has reviewed Tolen's filings in state court on direct appeal regarding the return of the items seized from his car trunk and finds that Tolen failed to make a *Brady* claim in state court.[2] "Simply comparing the arguments made in [his] briefs to this court and the arguments made in [his] brief to the [Missouri Court of Appeals] shows that [Tolen] is attempting to raise a new claim in federal court that he failed to present in state court. *Turnage v. Fabian*, 606 F.3d 933, 937 (8th Cir. 2010). "The onus rests on the prisoner to present the substance of his federal claims in each appropriate state court." *Turnage*, 606 F.3d 936 (internal citations omitted). "It is not enough to recite only the facts necessary to state a claim for relief or to make a general appeal to a constitutional guarantee as broad as due process." *Id.* (internal citations omitted). All of Tolen's arguments regarding seizure of the trunk's items assert that Tolen was prejudiced because the police and prosecuting attorney benefitted from use of his work product and analysis. (Resp't Ex. B at 50-56, Pet'r. Ex. 4, p. 12, Pet'r. Ex 6, Resp't Ex. E at 1, Resp't Ex. K at 7-28.) He did not claim that the items were exculpatory evidence.

Tolen cites to *Odem v. Hopkins*, 192 F.3d 772 (8th Cir. 1999) to support his assertion that he does not have to specifically cite to *Brady* to assert the claim. In *Odem*, the Eighth Circuit found that the petitioner's failure to cite to *Brady* was not fatal to his claim, because petitioner cited to cases that involved withholding exculpatory evidence; thereby fairly apprizing the state court of the facts and substance of his federal claim. Tolen's briefing before the Court of Appeals did not address the exculpatory nature of his "work product" and the cases that he cited addressed whether the defendants waived work product privilege regarding involuntarily disclosed or seized items. *See U.S. v. Ary*, 518 U.S. 775, 782-785 (10th Cir. 2008) (held

---

[2] Tolen's Rule 29.15 motion for post-conviction relief does assert a *Brady* claim. (Pet'r. Ex. 5, pp. 41-46.) Tolen represented to this Court in his Response to the Court's Show Cause Order of November 3, 2010, that he abandoned the *Brady* claim in his 29.15 motion and was also not making any claims for ineffective assistance of counsel. [Doc. 7 at 7-10.] The Missouri Court of Appeals' order on Tolen's 29.15 motion confirms that Tolen had abandoned the *Brady* claim at the time of that court's decision. *Tolen*, 2013 WL 1209100 at *1.

defendant waived work-product protection), *In re Grand Jury*, 138 F.3d 978, 980-983 (3rd Cir. 1998) (defendant waived work-product privilege).

Next, Tolen contends that any procedural default is overcome due to the "cause and prejudice" and "miscarriage of justice" exceptions to the procedural default doctrine. To overcome the default, a defendant must demonstrate either cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray v.Carrier*, 477 U.S. 478, 488 (1986). For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made compliance impracticable. *Id.* at 488.

Tolen states that the "cause" prong is met, because the Missouri state court rules limiting appellate briefs to 15,500 words prevented him from expounding on his Fourteenth amendment claims, including his *Brady* claim. Appellant briefs filed in the Missouri Court of Appeals for the Eastern District limit appellant briefs to 15,500 words and 50 pages and any reply brief is limited to 15 pages. *See* Mo. Ct. App. Special Rule 360(a). The undersigned finds that the state appellate court rule on page limits does not constitute an objective factor external to Tolen's defense that prevented him from raising the *Brady* claim before the state court. Page limits merely limit the manner in which Tolen can present his claims, they do not prevent him from presenting the arguments. *Seymour v. Walker*, 224 F.3d 542, 551 (6th Cir. 2000). "It would be nonsensical to hold that the fifty-page limit, which is itself a reasonable and consistently applied state procedural rule, could constitute cause for failure to adhere to another state procedural rule

8

that deems issues not briefed on direct appeal to be waived." *Weeks v. Angelone*, 176 F.3d 249, 272 (4th Cir. 1999) *aff'd*, 528 U.S. 225 (2000). Further, even if Tolen had shown cause, he would be unable to show actual prejudice. Trial testimony shows that the victims were questioned about the recantations they made. *See e.g.* (Resp't. Ex. J-4 at 295-298, Resp't. Ex. J-5 at 599-603, 1168-1185.) Tolen's affidavit showed that he remembered specific details about the dates and contents of the recantations. (Pet'r. Ex. 6.) Therefore, this information was not unavailable to him. Further, there is no additional information that his personal thoughts and strategies regarding the case could not be recreated or his attorneys were hindered in representing him. Also, Tolen has not presented evidence to support a miscarriage of justice claim. To constitute a miscarriage of justice, Tolen must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Tolen has not presented any evidence demonstrating cause or actual prejudice for his procedural defaults or exhibiting a fundamental miscarriage of justice. Therefore, these claims cannot be evaluated for federal habeas review.

### B. Claims regarding Search Warrants

Tolen's claims in grounds 1 through 4 under the Fourth Amendment, including his claim that his work product was illegally seized, are all barred from review pursuant to *Stone v. Powell*, 428 U.S. 465, 494-495 (1976). In *Stone*, the U.S. Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone*, 428 U.S. at 494-495. A Fourth Amendment violation will only be reviewed if either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using

that procedure because of an unconscionable breakdown in the system. *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005).

In this case, the State provided a corrective mechanism for any error made by the trial in admitting any evidence by allowing Tolen to appeal his convictions to the Missouri appellate courts. *Chavez v. Weber*, 497 F.3d 796, 802 (8th Cir. 2007). Tolen also filed a petition for writ of certiorari before the U.S. Supreme Court. *Tolen v. Missouri*, 131 S.Ct. 138 (2010). Tolen asserts that even though the state provided a corrective mechanism, he was precluded from using that mechanism because of an unconscionable breakdown in the underlying process. Tolen states that he was precluded from using Missouri's corrective mechanism, because (1) the state court opinion is not an adjudication on the merits, because it does not address the constitutional arguments raised in the appellate briefs, (2) the state failed to apply any clearly established controlling supreme court precedent in determination of the claims, and (3) the state court decision is contrary to clearly established controlling U.S. Supreme Court precedents. "A mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Chavez*, 497 at 802. Further, "a state court's summary affirmance, a short opinion, or a written opinion that fails to discuss one or more of the issues raised is not by itself indicative of a breakdown in the state's review mechanism." *Willett v. Lockhart*, 37 F.3d 1265, 1272 (8th Cir. 1994). Moreover, "the federal courts are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Willett*, 37 F.3d at 1273 (emphasis in original). The undersigned finds that Tolen received an opportunity for full and fair litigation of his Fourth Amendment claims in state court and there is no evidence of any unconscionable breakdown in the state's review mechanism that would warrant habeas relief.

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Tolen's claims for relief should be denied. The undersigned further finds the grounds asserted by Tolen do not give rise to any issues of constitutional magnitude. Because Tolen has made no showing of a denial of a constitutional right, the undersigned does not recommend that a certificate of appealability be issued in this matter. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**. [Doc. 3, 20.]

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Eric Tolen for a Certificate of Appealability be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Dated this 11th day of March, 2014.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE