UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC T. TOLEN, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 4:10 CV 2031 RWS |
| JEFF NORMAN, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Petitioner Eric T. Tolen seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Nannette A. Baker for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On March 11, 2014, Judge Baker filed her recommendation that Tolen's habeas petition should be denied.

On March 26, 2014, Tolen filed objections to Judge Baker's Report and Recommendation. In his objections, Tolen largely restates the same arguments he previously advanced in his extensive filings in support of his habeas petition. I have conducted a de novo review of all matters relevant to the objections. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Baker and will deny Tolen's habeas petition.

*Discussion*

**A. Stone v. Powell**

Tolen objects to Judge Baker's determination that his Fourth Amendment claims—Grounds 1 through 4—are barred from review pursuant to Stone v. Powell, 428 U.S. 465 (1976). In Stone, the United States Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

1

federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." Stone, 428 U.S. at 494-495. Tolen argues that Stone does not bar his Fourth Amendment claims because he was not given a full and fair opportunity to litigate his claim in the Missouri courts.

The Eighth Circuit Court of Appeals has set forth a two-part test for determining whether a habeas petitioner has had a full and fair opportunity to litigate his or her Fourth Amendment claims in a state court. "Under this test, a Fourth Amendment claim is Stone-barred, and thus unreviewable by a federal habeas court, unless either the state provided no procedure by which the prisoner could raise his [or her] Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." Willett v. Lockhart, 37 F.3d 1265, 1273 (8th Cir. 1994).

Tolen concedes that Missouri provided a corrective mechanism for presenting his Fourth Amendment claim, but alleges that an unconscionable breakdown in the system precluded him from using the corrective mechanism. The trial court denied Tolen's motions to suppress evidence seized during searches conducted on April 28, 2007, and August 5, 2007. The Missouri Court of Appeals affirmed the trial courts' decision on direct appeal. State v. Tolen, 304 S.W.3d 229 (Mo. App. 2009). However, Tolen argues that he was precluded from using Missouri's corrective mechanism because (1) the state court decision is not an adjudication on the merits of his Fourth Amendment claims, (2) the state court failed to apply any clearly established controlling Supreme Court precedent in adjudicating his Fourth Amendment claims, and (3) the state court opinion is contrary to clearly established Supreme Court precedent.

The determination of whether there has been an "unconscionable breakdown" in a state's procedures does not require a review of the state courts' fact-finding process, or a review of the

state courts' application of Fourth Amendment law. Willett, 37 F.3d at 1272. On federal habeas review, the "inquiry focuses on whether [the petitioner] received an opportunity for full and fair litigation of his claim, not on whether legal or factual error in fact occurred." Chavez v. Weber, 497 F.3d 796, 802 (8th Cir. 2007). Accordingly, Tolen's argument that the Missouri Court of Appeals failed to apply, or erred in applying, clearly established Supreme Court precedent is of no merit.

Tolen argues that the Missouri Court of Appeals completely failed to address his Fourth Amendment claims. Yet, contrary to Tolen's assertion, the Missouri Court of Appeals specifically recognized that Tolen was pursuing his rights under the Fourth Amendment. Tolen, 304 S.W.3d at 232 ("The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable search and seizure."). The Court then proceeded explain why Tolen's Fourth Amendment claims were properly rejected by the state court. Id. at 232-32. The Missouri Court of Appeals' opinion may not have cited federal precedent, but the analysis was informed by, and based on, Fourth Amendment principles. That is sufficient to trigger the Stone bar. See Willet, 37 F.3d 1265, 1272 (8th Cir. 1994) ("a state court's summary affirmance, a short opinion, or a written opinion that fails to discuss one or more of the issues raised is not by itself indicative of a breakdown in the state's review mechanism."). While Tolen might have preferred that the Missouri Court of Appeals had used different language to reject his claims, it is not the role of the federal courts to review the state courts' application of Fourth Amendment law.

Judge Baker correctly applied the governing law to the facts of Tolen's case and correctly concluded that he is not entitled to habeas relief. Because the record shows that Tolen received

3

the opportunity to fully and fairly litigate his Fourth Amendment claims in state court, Stone v. Powell prohibits him from doing so now.

**B. Brady Claim**

Tolen objects to Judge Baker's determination that his Brady claim is procedurally barred. In ground 4 of his petition, Tolen contends that the he is entitled habeas relief because the prosecutor violated its Brady obligation when it did not return exculpatory evidence obtained from the trunk of his car during the search of August 5, 2007. In Brady, the Supreme Court held that due process requires the government to disclose material, exculpatory evidence to the defendant. Brady v. Maryland, 373 U.S. 83 (1963). "There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

Respondent argues that Tolen has failed to exhaust his Brady claims because he did not assert such arguments as a ground for appeal in state court. Before a federal court can entertain a claim in a habeas petition, that same claim must have been raised in the prior state court proceeding. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is satisfied if the applicant gave the state courts a "fair opportunity" to apply controlling legal principles to the facts that are relevant to his constitutional claim. Odem v. Hopkins, 192 F.3d 772, 776 (8th Cir. 1999). "Thus, in addition to the recitation of all the facts necessary for the state court's evaluation of the federal claim, the petitioner has to 'fairly present' the 'substance' of his federal claim." Id. at 775.

On direct appeal, Tolen argued that the seizure and retention of the contents of his car's trunk deprived him of his rights under the Fourth Amendment, his right to due process under the Fifth Amendment, and his right to effective assistance of counsel under the Sixth Amendment. The record shows that on August 5, 2007, the police seized items from the trunk of Tolen's car. In an affidavit in support of his motion for a new trial, Tolen meticulously described the contents of numerous documents seized from his trunk, including but not limited to separate letters of apology and recantations of the sexual allegations made by the purported victims, documents outlining his trial strategy and themes, and additional research and analysis pertaining to trial. Two boxes of documents were eventually returned to Tolen in September 2008, while his trial was still proceeding. Tolen contends that some documents were missing from the boxes and never returned.

In his state appellant brief, Tolen's arguments regarding the seizure of documents, and the prosecutor's failure to return them, focused on the "work product" nature of the documents.[1] Tolen argued that the prosecutor obtained an unfair advantage because they had the benefit of his thought process and analysis contained in the seized work product. Tolen also argued that he was prejudiced by the trial court's failure to return the documents until the second week of trial because he was deprived of the use of his work product.

---

[1] The following is an excerpt from Tolen's state appellate brief that summarizes his claims regarding the prosecution's refusal to return his documents:

> The Prosecuting Attorney refused to return the files even though she would later assert that noting of evidentiary nature was found in the files and she did not intend to use anything found in the trunk as evidence. This, of course, did not solve the problems presented to the Court because (1) the files had been reviewed at least by the seizing officers and had been in the possession of the police and/or prosecutors from the time of their seizure on August 5, 2007 until they were moved to the Court for an in-camera inspection after October 29, 2007, a period of three months; (2) Appellant and his attorneys had been deprived of the use of his work product and continued to be so deprived throughout the pre-trial proceedings and trial; and (3) there was absolutely no justifiable reason why these files, which had clearly been unlawfully seized could not have been returned to Appellant who was their undisputed owner.

Tolen now attempts to recast the arguments he raised in state court as a Brady claim. Tolen is correct that his failure to cite Brady in his state appellate brief is not itself fatal to his habeas petition. See Odem, 192 F.3d at 776 ("The State's contention that Odem's failure to cite to Brady is dispositive in making this issue procedurally barred for failure to exhaust state courts remedies is incorrect."). However, in Odem, the Eighth Circuit held that the petitioner's failure to mention Brady was not dispositive because he did cite to several cases that involve withholding of exculpatory information claims. Id. Here, Tolen failed to bring into focus the contention that the prosecutor withheld exculpatory evidence. The cases that Tolen cited—In re Grand Jury, 138 F.3d 978, 980-983 (3rd Cir. 1998), and U.S. v. Ary, 518 U.S. 775, 782-785 (10th Cir. 2008)—discuss whether the work product privilege applies to seized documents. Accordingly, Tolen's current Brady claim is distinct from any theory presented to the state courts and is procedurally barred.

A habeas petitioner may overcome this procedural bar by showing a cause for the procedural default in state court and actual prejudice as a result of the alleged violation of law, or by demonstrating his actual innocence. Storey v. Roper, 603 F.3d 507, 523 (2012). Tolen has not alleged a sufficient cause for his default. Even if Tolen were able to show cause, he would be unable to show actual prejudice. Tolen is also unable to demonstrate a fundamental miscarriage of justice exception, which requires that the petitioner present new reliable evidence that he is innocent. Id. at 524. Tolen has not submitted any new evidence of his actual innocence. Accordingly, I find that Judge Baker correctly applied the law to the facts of Tolen's case and correctly determined that Tolen's Brady claim is procedurally barred.

**C. Certificate of Appealability**

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because Tolen t has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on March 11, 2014 [#45] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Eric T. Tolen's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2014.