UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC T. TOLEN, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   Case No. 4:10 CV 2031 RWS |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
|        Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before me on Petitioner Eric T. Tolen's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Petitioner seeks reconsideration of my denial of his petition for habeas relief. Petitioner makes what are essentially three claims: (1) his Sixth and Fourteenth Amendment claims were not adjudicated by this Court and/or erroneously determined to be barred by *Stone v. Powell*, 428 U.S. 465 (1976); (2) his claim under *Brady v. Maryland*, 373 U.S. 83 (1963) should be considered on the merits because any procedural default can be cured by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); and (3) the state destroyed exculpatory evidence (an audio recording of a recantation statement), also in violation of *Brady*.

### I.     BACKGROUND

On November 7, 2008, Petitioner was convicted by a jury of thirty-six counts of statutory sodomy and one count of witness tampering, receiving a sentence of sixty-five years imprisonment. Petitioner filed a direct appeal to the Missouri Court of Appeals, which affirmed his conviction and sentence on December 22, 2009. *Tolen v. Missouri*, 304 S.W.3d 229 (Mo. Ct. App. 2009). The Missouri Supreme Court denied Petitioner's application for transfer on March

23, 2010. Petitioner then filed a petition for writ of certiorari before the United States Supreme Court, which was denied. *Tolen v. Missouri*, 562 U.S. 861 (2010). Next, Petitioner filed a Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Missouri Supreme Court Rule 29.15, which was denied by the Missouri Court of Appeals on March 26, 2013. *Tolen v. Missouri*, No. ED 98414, 2013 WL 1209100 (Mo. Ct. App. 2013). Petitioner then filed a petition for habeas relief under 28 U.S.C. § 2254. [#3].

On March 11, 2014, the Magistrate Judge filed her Report and Recommendation that Petitioner's habeas petition should be denied. [#45]. Petitioner filed his objections to the Report and Recommendation on March 26, 2014. [#46]. On June 18, 2014, I issued a Memorandum and Order that sustained, adopted, and incorporated the Magistrate Judge's Report and Recommendation and denied Petitioner's habeas petition. [#47]. I found that Petitioner's Fourth Amendment claims were barred from review pursuant to *Stone v. Powell*, since Petitioner was given the opportunity to fully and fairly litigate his claims in state court. I also found that Petitioner's *Brady* claim was procedurally barred due to his failure to raise it in state court, and that Petitioner had failed to establish cause and actual prejudice to overcome the procedural default.

The United States Court of Appeals for the Eighth Circuit denied Petitioner's application for certificate of appealability and issued the mandate. [#61 and #63]. The United States Supreme Court denied Petitioner's petition for certiorari on May 18, 2015. [#66]. On June 16, 2015, Petitioner filed with this Court a Motion for Relief from Judgment or Order Pursuant to Rule 60(b). [#67].

## II. LEGAL STANDARD

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief"

when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002). A movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States,* 340 U.S. 193, 199 (1950); accord, *id.,* at 202; *Liljeberg,* 486 U.S., at 864; *id.,* at 873 (Rehnquist, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. *See*, *e.g.*, *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). However, a state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd*, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." *Id.* "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 . . . action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

3

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005). A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4. However, a Rule 60(b) motion is a successive petition if it contains a claim, which is defined as an "asserted federal basis for relief" from a judgment of conviction or as an attack on the "federal court's previous resolution of the claim on the merits." *Id.* at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4. When a Rule 60(b) motion presents such a claim, it must be treated as a second or successive habeas petition.

## III. DISCUSSION

### A. Sixth and Fourteenth Amendment Claims

In ground 4 of his habeas petition, Petitioner claimed he was deprived of his right to a fair trial because of the state court's refusal to order the return of various documents seized during a search that violated his Fourth, Sixth, and Fourteenth Amendment rights. At habeas review, I found that his Fourth Amendment claims were barred from review pursuant to *Stone v. Powell*, because Petitioner had received the opportunity to fully and fairly litigate his claims in state court.

In his motion to reconsider, Petitioner argues that I failed to adjudicate his Sixth Amendment and Fourteenth Amendment claims, and/or that I erroneously determined the claims to be barred under *Stone v. Powell*. Petitioner claims that the state's search and seizure of two boxes in the trunk of his car and failure to return them until the second week of trial violated his

rights under the Fourth, Sixth, and Fourteenth Amendments, depriving him of a fair trial. He asserts that the two boxes contained his "work product" and exculpatory documents such as recantation statements.[1] His Sixth and Fourteenth Amendment claims arising from the state's actions, he argues, cannot be barred by *Stone*, which is applicable only to Fourth Amendment claims.

Petitioner is correct that *Stone* may not apply to bar Sixth Amendment and Fourteenth Amendment due process claims. *Kimmelman v. Morrison*, 477 U.S. 365 (1986); *Cody v. Solem*, 755 F.2d 1323 (8th Cir. 1985). Regardless of how Petitioner labels them, however, his claims were based on alleged Fourth Amendment violations, i.e., the illegal search and seizure of the two boxes. Petitioner himself admitted that all four of his grounds for habeas relief were based on Fourth Amendment violations. In his Response to the Court's Order to Show Cause, Petitioner stated that "[a] review of the four grounds raised in petitioner's federal habeas petition clearly reveals that each of these claims are based upon 'claims of illegal searches and seizures.'" Pet. Resp. to Order to Show Cause, Doc. No. 7, at 7. The mere fact that Petitioner summarily labels the conduct as violations of his Sixth and Fourteenth Amendment rights does not change the fact that the alleged violations were based on his Fourth Amendment rights. The Court reviewed these claims in its Memorandum and Order denying habeas relief, and determined that they were properly barred under *Stone*. As a result, Petitioner is presenting constitutional claims that were presented in his habeas petition, and Petitioner is seeking successive habeas review. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); 28 U.S.C. § 2244(b)(1). However, Petitioner

---

[1] With respect to the boxes, the Missouri Court of Appeals found that: "There was no evidence presented that Tolen could not recreate these files from his own thoughts and recollections. Moreover, there was no evidence that Tolen's attorneys were unable to prepare his defense absent the materials seized from his trunk, or that the defense was forced to proceed differently as a result of the retention of the documents." *State v. Tolen*, 304 S.W.3d 229, 235 (Mo. Ct. App. 2009). The court concluded that "Tolen's right to fair trial was not violated by the trial court's alleged failure to order the files returned to him." *Id.*

has not obtained authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition. As a result, Petitioner's claim that his rights under the Sixth and Fourteenth Amendments were violated will be dismissed for lack of jurisdiction because Petitioner has not obtained certification to file a successive habeas petition from the Eighth Circuit.

### B. *Brady* Claim

Next, Petitioner requests that this Court reconsider its determination that his *Brady* claim was procedurally defaulted. Petitioner contends that a merits review of his *Brady* claim is warranted because he has established cause and actual prejudice to overcome any procedural default caused by post-conviction counsel. To establish cause, Petitioner cites to *Martinez v. Ryan*, which provides that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, 132 S. Ct. 1309, 1315. However, Petitioner may not invoke *Martinez* to establish cause to cure the procedural default of his *Brady* violation claim. *Martinez* only applies to preserve underlying ineffective-assistance-of-trial-counsel claims, not *Brady* violation claims. *Id.* As a result, I will deny Petitioner's claim because he cannot establish cause and prejudice to overcome the procedural default, nor has he established that an "extraordinary circumstance" exists to warrant relief from final judgment under Rule 60(b)(6).

### C. Destruction of Exculpatory Evidence Claim

Finally, Petitioner brings a new *Brady* claim based upon the state's alleged destruction of exculpatory evidence. He contends that the state destroyed an audio recording containing a

recantation statement made by one of his victims. This claim was not brought in Petitioner's original petition for habeas relief, nor was it brought on his direct appeal.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits the presentation of new claims not raised in a prior application, subject to a narrow exception provided in 28 U.S.C. § 2244(b)(2). The Supreme Court, applying § 2244(b)(2), explained that "any claim that has *not* already been adjudicated [in a previous petition] must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). Here, Petitioner is presenting a new claim attacking the judgment of conviction, a claim which was not presented in his original habeas petition. His claim does not rely on a new and retroactive rule of constitutional law, nor does it rely on new facts showing actual innocence. Accordingly, to the extent that he is bringing this new claim alleging the state's destruction of exculpatory evidence, Petitioner is seeking successive habeas review. *Id.* Petitioner has not obtained authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition. As a result, this claim will be dismissed for lack of jurisdiction because Petitioner has not obtained certification to file a successive habeas petition from the Eighth Circuit.

Additionally, even if Petitioner's new claim were not successive, Petitioner may not avail himself of *Martinez* to demonstrate cause for its procedural default. As discussed above, *Martinez* may be invoked to preserve underlying ineffective-assistance-of-trial-counsel claims, not *Brady* claims alleging the state's destruction of exculpatory evidence. *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012).

---

[2] Petitioner raised this claim alleging the state's destruction of exculpatory evidence in his Rule 29.15 motion, but appears to have later abandoned it in order to preserve his habeas petition. *See* Pet. Resp. to Order to Show Cause, Doc. No. 7, at 8-9.

## IV. CONCLUSION

For the reasons stated above, Petitioner's Sixth Amendment, Fourteenth Amendment, and destruction of exculpatory evidence claims are improper successive habeas petitions, and Petitioner has not established "extraordinary circumstances" justifying reconsideration based on his new *Brady* claim. As a result, I will dismiss in part and deny in part Petitioner's motion for reconsideration.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Relief Pursuant to Rule 60(b)(6) #[67] is **DENIED** in part and **DISMISSED** in part for lack of jurisdiction; the motion is denied to the extent the motion is treated as one brought under Rule 60(b)(6), and dismissed for lack of jurisdiction as a second or successive habeas petition in all other respects.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of December, 2015.