UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC TOLEN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 4:10 CV 2031 RWS |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Petitioner Eric Tolen moves a second time under Rule 60(b) for relief from judgment concerning my order denying his § 2255 petition for habeas corpus relief. Tolen argues that his trial counsel was ineffective for failing to make a Brady violation claim and that post-conviction counsel was ineffective for failing to include that underlying ineffective assistance of counsel claim in an amended Missouri Supreme Court Rule 29.15 motion. Tolen's trial counsel appropriately raised a Brady violation claim as a Fourteenth Amendment Due Process violation. As a result, Tolen cannot establish that he has a substantial ineffective assistance of counsel claim, and I must deny his motion for relief from judgment.

## BACKGROUND

On November 7, 2008, Tolen was convicted by a jury of thirty-six counts of statutory sodomy and one count of witness tampering, receiving a sentence of

sixty-five years imprisonment. Tolen filed a direct appeal to the Missouri Court of Appeals, which affirmed his conviction and sentence on December 22, 2009. Tolen v. Missouri, 304 S.W.3d 229 (Mo. Ct. App. 2009). The Missouri Supreme Court denied Tolen's application for transfer on March 23, 2010. Tolen filed a petition for writ of certiorari before the United States Supreme Court, which was denied. Tolen v. Missouri, 562 U.S. 861 (2010). Tolen then filed a Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Missouri Supreme Court Rule 29.15, which was denied by the Missouri Court of Appeals on March 26, 2013. Tolen v. Missouri, No. ED 98414, 2013 WL 1209100 (Mo. Ct. App. 2013).

Tolen argues that, at trial, the prosecutors committed a Brady violation by failing to timely return two boxes and an audiotape that allegedly contained Tolen's "work product" and exculpatory recantations. Tolen's trial counsel raised a Fourteenth Amendment Due Process argument concerning these materials in a motion to dismiss eight counts related to these materials. (See ECF No. 84 at n.1, 10-12). Tolen argues, however, that his trial counsel did not specifically raise a Brady violation, and that his post-conviction, Rule 29.15 counsel failed to include, at his direction, an ineffective assistance of counsel claim pertaining to the underlying Brady violation.

On October 26, 2010, Tolen filed his petition for habeas relief under 28 U.S.C. § 2254, in the above-captioned case, including his Brady violation claim. [No. 3]. On June 18, 2014, I issued a Memorandum and Order that denied Tolen's habeas petition. [No. 47]. I found that Tolen's Fourth Amendment claims concerning the two boxes described above were barred from review pursuant to Stone v. Powell. (Id. at 1-4). I also found that Tolen's Brady claim was procedurally barred due to his failure to raise it in state court, and that Tolen had failed to establish cause and actual prejudice to overcome the procedural default. (Id. at 4-6). The United States Court of Appeals for the Eighth Circuit denied Tolen's application for certificate of appealability and issued the mandate. [Nos. 61 and 63]. The United States Supreme Court denied Tolen's petition for certiorari on May 18, 2015. [No. 66].

On June 16, 2015, Tolen filed with this Court his First Motion for Relief from Judgment or Order Pursuant to Rule 60(b). [No. 67]. I denied Tolen's First Motion for Relief from Judgment because he presented constitutional claims that were already presented in his habeas petition, constituting successive habeas relief without authorization from the Eighth Circuit Court of Appeals. [No. 70 at 5-6]. Additionally, I denied Tolen's request to reconsider his Brady claim under an ineffective assistance of post-conviction counsel theory, because Martinez v. Ryan, 566 U.S. 1 (2012), cannot cure a procedural default in an underlying Brady

3

claim. Martinez can only cure a procedural default in an underlying ineffective assistance of counsel claim. The United States Court of Appeals for the Eighth Circuit denied Tolen's application for certificate of appealability and issued the mandate. [Nos. 78 and 80]. The United States Supreme Court denied Tolen's petition for certiorari on October 3, 2016. [No. 83].

Tolen now moves a second time for reconsideration of his Brady claim. [No. 84]. He argues that his trial counsel was ineffective for failing to specifically assert a Brady violation claim, and that his post-conviction counsel was ineffective for failing to assert an ineffective assistance of counsel claim on that matter.

## **LEGAL STANDARD**

A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made "within a reasonable time." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002). A movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. Ackermann v. United States, 340 U.S. 193, 199 (1950); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988); id., at 873 (Rehnquist, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality

4

of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Petitioners sometimes request relief under Rule 60(b) when the motion is more properly characterized as a successive § 2254 petition. See, e.g., Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002). A state prisoner may file a second or successive motion under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). Where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court must determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. Boyd, 304 F.3d at 814. If the Rule 60(b) motion "is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the motion . . . to the Court of Appeals." Id.

A Rule 60(b) motion that merely alleges a defect in the integrity of the habeas proceedings is not a second or successive habeas petition. See Gonzalez, 545 U.S. at 535-36. A Rule 60(b) motion is also not a successive habeas petition if it "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n.4. However, a Rule

60(b) motion is a successive petition if it contains 1) an "asserted federal basis for relief" from a judgment of conviction or 2) an attack on the "federal court's previous resolution of the claim on the merits." Id. at 530, 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)." Id. at 532 n.4. When a Rule 60(b) motion presents such a claim, it must be treated as a second or successive habeas petition.

## ANALYSIS

Tolen claims that his trial counsel was ineffective for failing to specifically make a Brady claim concerning two boxes and an audiotape that allegedly contained Tolen's "work product" and exculpatory recantations. Tolen claims his post-conviction counsel was ineffective for failing to, at Tolen's direction, make an ineffective assistance of counsel claim pertaining to the underlying Brady violation. I have not previously adjudicated Tolen's Brady claim or ineffective assistance of counsel claim on the merits. In my order denying Tolen's habeas petition, I concluded that Tolen's Brady arguments had not been exhausted before the state court. (ECF No. 47 at 6). In my order denying Tolen's first Motion for Relief from Judgment, I concluded that Tolen could not invoke Martinez to establish cause to cure a procedural defect of an underlying Brady claim.(ECF No. 70 at 6). As a result, Tolen's current Rule

60(b) motion does not represent a successive petition, and I may review his claim.

Tolen has procedurally defaulted his ineffective assistance of counsel claim, because he did not present a claim for ineffective assistance of counsel to the state courts. However, under Martinez, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. To satisfy this exception, the underlying ineffective assistance of counsel claim must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. As with any ineffective assistance of counsel claim, a petitioner proceeding under Martinez must show that counsel's performance fell below an objective standard of reasonableness and that the petitioner was prejudiced as a result of that failure. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 694. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

Tolen has not shown that his trial counsel's performance fell below an objective standard of reasonableness nor that "but for counsel's . . . errors, the

7

result of the proceeding would have been different." Id. As acknowledged by Tolen, his trial counsel raised an objection to the prosecutors' failure to timely return the allegedly exculpatory material. (See ECF No. 84 at n.1, 10-12). Specifically, Tolen's trial counsel filed a motion to dismiss eight counts against him that pertained to the material in the two boxes that were seized from him. (Id. at n.1, 12). Trial counsel filed this motion as a Fourteenth Amendment Due Process violation. The trial court said that it treated this motion as raising a Brady violation, although Tolen argues that there is no record that it was specifically raised as a Brady violation. (ECF No. 84-3 at ¶ 261). Regardless, a Brady claim itself is based on a Fourteenth Amendment Due Process right, Brady v. Maryland, 373 U.S. 83, 87, (1963), and the trial court acknowledged that is considered the matter at trial counsel's request.

As a result, Tolen's arguments do not establish that his trial counsel's conduct fell below an objective standard of reasonableness, nor that had trial counsel acted differently, the result would have been different. Strickland v, 466 U.S. at 687-88, 694. His ineffective assistance of counsel claim is not a "substantial one" and there is no cause for his procedural default. 566 U.S. at 9.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Tolen's Motion for Relief Pursuant to Rule 60(b)(6) [No. 84] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2019.