UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC TOLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10 CV 2031 RWS |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Petitioner Eric Tolen moves for an altered or amended judgment pursuant to Rule 59(e). I have denied Tolen's two previous Rule 60(b) motions for relief from my judgment denying his petition for habeas corpus. Tolen now seeks an amended judgment of my second order denying Rule 60(b) relief. Tolen argues that his trial counsel was ineffective for failing to raise a <u>Brady</u> claim, and that I conflated two evidentiary issues argued by his trial counsel. Tolen has not shown any manifest error of law or fact that would change the outcome of my order denying his petition. As a result, I will deny his motion for an altered or amended judgment.

## BACKGROUND

On November 7, 2008, Tolen was convicted by a jury of thirty-six counts of statutory sodomy and one count of witness tampering, and was sentenced to sixty-five years in prison. Tolen filed a direct appeal to the Missouri Court of

Appeals, which affirmed his conviction and sentence on December 22, 2009. Tolen v. Missouri, 304 S.W.3d 229 (Mo. Ct. App. 2009). The Missouri Supreme Court denied Tolen's application for transfer on March 23, 2010. Tolen filed a petition for writ of certiorari before the United States Supreme Court, which was denied. Tolen v. Missouri, 562 U.S. 861 (2010).

While his case was pending in the trial court, Tolen's lawyers filed four motions concerning two file boxes the prosecutors seized from his car. Tolen argues that these boxes contain exculpatory information that he and his lawyers needed to prepare for trial. On August 21, 2007, Tolen's lawyers filed a motion seeking the return of the two boxes. [No. 86-3]. On October 5, 2007, Tolen's lawyers filed a motion seeking recusal of the St. Louis County Prosecuting Attorney's Office, because it viewed documents allegedly protected by attorney-client privilege. [No. 16-A at 88, 90-91]. On October 29, 2007, Tolen's lawyers filed a motion to suppress the evidence in the seized boxes because they were allegedly privileged. [Id. at 101, 108, 110]. After trial, Tolen's lawyers filed an amended motion for a new trial and Tolen filed a pro se[1] motion for a new trial, both arguing that the court erred in not returning the seized boxes. [Id. at 289-93, 306]. The court denied each of these motions, in part on the basis that the files

---

[1] Although Tolen's motion states that it is filed "by and through counsel," his signature, and not his attorney's signature, is provided at the end of the document.

contained nothing of evidentiary value and were not protected by attorney-client privilege. Neither Tolen nor his lawyers presented any Brady claims to the trial court. Brady v. Maryland 373, U.S. 83 (1963).

After Tolen exhausted his appeals, he filed a Motion to Vacate, Set Aside, or Correct the Judgment and Sentence under Missouri Supreme Court Rule 29.15. [No. 7-5]. In his motion, Tolen argued at length that the prosecution and court's refusal to return the seized boxes constituted a Brady violation. Id. at 43-47. Tolen did not, however, present any argument that his counsel was ineffective in failing to explicitly raise a Brady violation at trial. Tolen's Rule 29.15 motion was denied by the Missouri Court of Appeals on March 26, 2013. Tolen v. Missouri, No. ED 98414, 2013 WL 1209100 (Mo. Ct. App. 2013).

On October 26, 2010, Tolen filed his petition for habeas relief under 28 U.S.C. § 2254, in the above-captioned case, including his Brady violation claim. [No. 3]. On June 18, 2014, I issued a Memorandum and Order that denied Tolen's habeas petition. [No. 47]. I found that Tolen's Fourth Amendment claims concerning the two boxes described above were barred from review pursuant to Stone v. Powell, 428 U.S. 465 (1976). (Id. at 1-4). I also found that Tolen's Brady claim was procedurally barred due to his failure to raise it on direct appeal, and that Tolen had failed to establish cause and actual prejudice to overcome the procedural default. (Id. at 4-6). The United States Court of

3

Appeals for the Eighth Circuit denied Tolen's application for certificate of appealability and issued the mandate. [Nos. 61 and 63]. The United States Supreme Court denied Tolen's petition for certiorari on May 18, 2015. [No. 66].

On June 16, 2015, Tolen filed with this Court his First Motion for Relief from Judgment or Order Pursuant to Rule 60(b). [No. 67]. I denied Tolen's First Motion for Relief from Judgment because he presented constitutional claims that were already presented in his habeas petition, constituting successive habeas relief without authorization from the Eighth Circuit Court of Appeals. [No. 70 at 5-6]. The United States Court of Appeals for the Eighth Circuit denied Tolen's application for certificate of appealability and issued the mandate. [Nos. 78 and 80]. The United States Supreme Court denied Tolen's petition for certiorari on October 3, 2016. [No. 83].

On June 18, 2018, Tolen moved a second time for reconsideration of his <u>Brady</u> claim. [No. 84]. He argued that his trial counsel was ineffective for failing to specifically assert a <u>Brady</u> violation claim, and that his post-conviction counsel was ineffective for failing to assert an ineffective assistance of counsel claim on that matter. I denied Tolen's motion, finding that he presented constitutional claims that were not included in his original habeas petition, but that his ineffective assistance of counsel claim was procedurally defaulted. [No. 85]. Tolen did not present this ineffective assistance of counsel claim to the

4

state court, and he did not show that he had a substantial claim meeting the Martinez v. Ryan, 566 U.S. 1 (2012) exception. Id.

Tolen now moves for an altered or amended judgment of my second order denying his second motion for reconsideration. He argues that I conflated two evidentiary issues argued by his trial counsel when determining whether he had a substantial claim of ineffective assistance of counsel.

## **LEGAL STANDARD**

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.' " United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998)). A litigant cannot use Rule 59(e) motions "to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care, 141 F.3d 1284, 1286). Additionally movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. Ackermann v. United States, 340 U.S. 193, 199 (1950). Such circumstances will rarely occur in the habeas context. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

5

## ANALYSIS

Pursuant to Martinez v. Ryan, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. To satisfy this exception, the underlying ineffective assistance of counsel claim must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. As with any ineffective assistance of counsel claim, a petitioner making a Martinez argument must show that counsel's performance fell below an objective standard of reasonableness and that the petitioner was prejudiced as a result of that failure. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In my second order denying reconsideration pursuant to Rule 60(b), [No. 85], I determined that Tolen failed to demonstrate that he had a substantial claim of ineffective assistance of counsel. As acknowledged by Tolen, his trial counsel raised an objection to the prosecutors' failure to timely return the allegedly exculpatory material. [No. 84 at n.1, 10-12]. I stated that Tolen's trial counsel filed a motion to dismiss eight counts against him that pertained to the two seized boxes. [No. 85, citing n.1 12]. Tolen correctly notes that the motion to dismiss concerned a separate audiotape, not the two seized boxes.

Tolen argues that this difference demonstrates a manifest error of fact that should change my analysis under Martinez. This argument is unsupported by the trial court record. Throughout trial court proceedings, Tolen's counsel extensively litigated the use and return of the seized boxes. Trial counsel filed four motions to 1) return the seized boxes, [No. 86-3], 2) recuse the St. Louis County prosecutor's office for viewing the seized documents, [No. 16-A at 88, 90-91], 3) suppress the seized documents and return them, [Id. at 110], and 4) vacate the first trial and hold a new one, because the seized boxes were not returned in a timely manner. The trial court held hearings on these motions twice. [See Nos. 23-13, 16-A at 18]. As a result, my prior conclusion stands: counsel's extensive litigation concerning the two seized boxes demonstrates that Tolen does not have a substantial ineffective assistance of counsel claim.

As a result, Tolen's ineffective assistance of counsel claim, for failure to make a Brady argument, is procedurally defaulted and does not meet the exception set out in Martinez. I have not made a manifest error of law or fact that warrants granting Tolen's motion for altered or amended judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Tolen's Motion for an altered or amended judgment pursuant to 59(e) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2019.