UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIC TOLEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:10-CV-2031-RWS |
| | ) |
| JEFF NORMAN, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on the Petitioner Eric Tolen's Second Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e). For the reasons set forth below, I will deny the Petitioner's motion.

### **BACKGROUND**

The Petitioner filed his petition for *writ of habeas corpus* on October 26, 2010. [ECF No. 3]. I denied the claim on June 18, 2014. [ECF No. 34]. The petitioner appealed that decision to the Eighth Circuit on July 10, 2014 [ECF No. 36]. The United States Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability [ECF No. 42]. The Petitioner then filed his first motion for relief pursuant to Fed. R. Civ. P. 60(b) on June 16, 2015. [ECF No 67]. I denied the motion in part and dismissed it in part on December 10, 2015 and the petitioner promptly appealed. [ECF Nos. 70 & 71]. The appeal was

dismissed. [ECF No. 78]. On June 18, 2018, the petitioner filed a seconded motion for relief pursuant to Fed. R. Civ. P. 60(b)(6). [ECF No. 84]. I denied the second motion on March 26, 2019. [ECF No. 85]. The petitioner then filed his first motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) on April 8, 2019, which I denied on August 2, 2019. [ECF Nos. 86 & 87].The petitioner now brings a second motion to alter or amend the judgment. [ECF No. 89].

## DISCUSSION

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment. But the Rule is not a vehicle to relitigate old issues or raise arguments that could have been raised prior to the entry of judgment. C. Wright & A. Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed. 2019). Instead, the Rule serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

In this case, the Petitioner has not demonstrated a manifest error of law or fact. He does not raise any issues that have not already been considered or show a

"wholesale disregard, misapplication, or failure to recognize controlling precedent." Instead the Petitioner relitigates issues already addressed in previous orders. A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) is not the appropriate vehicle for this type of challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Eric Tolen's Motion for an altered or amended judgment pursuant to Fed. R. Civ. P. 59(e) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October 2019.